IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOB L. WEIST, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-668-D |
| | ) | |
| DAVOL, INC. and C.R. BARD, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff's Motion for Remand and Brief in Support [Doc. No. 9] to which Defendants have filed a response [Doc. No.14]. For the reasons set forth below, Plaintiff's motion is denied.

**I.     Procedural Background**

Plaintiff commenced this products liability action against Defendants in the District Court of Cleveland County, State of Oklahoma with the filing of a Petition on February 4, 2014.[Doc. No. 1-1]. In the Petition, Plaintiff alleges damages in excess of $75,000.00. *See* Petition [Doc. No. 1-1] at p. 2 ("Plaintiff . . . prays for judgment against the Defendants . . . in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00) and in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), attorney fees, costs of this action and for such and further relief as the Court deems just and proper.").

Defendants removed this action on June 25, 2014, pursuant to 28 U.S.C. § 1441 on grounds of diversity jurisdiction. *See* Notice of Removal [Doc. No. 1]. With respect to the amount-in-controversy requirement, Defendants expressly state in the Notice of Removal that "[t]he amount in controversy in this action exceeds $75,000.00, exclusive of interests and costs." *See id*. at p. 2., ¶ 5.

Plaintiff now seeks a remand of this action. As grounds for remand, Plaintiff acknowledges that the Petition alleges damages in excess of $75,000.00. But Plaintiff "now believes the actual admissible medical damages total approximately between $10,000.00 and $12,000.00" and that "Plaintiff will stipulate that the amount in controversy is less than $75,000.00." *See* Plaintiff's Motion at p. 1. In response, Defendants contend jurisdiction is determined at the time of removal and Plaintiff's post-removal stipulation as to damages is ineffective to defeat diversity jurisdiction.

**II.     Discussion**

Under 28 U.S.C. § 1332, this Court has subject matter jurisdiction over an action between diverse parties which involves an amount in controversy greater than $75,000.00.[1] As Defendants correctly argue, the propriety of removal is judged on the complaint as it stands at the time of removal. *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488-89 (10th Cir. 1991).

Both the petition filed in state court and Defendant's notice of removal explicitly allege an amount in controversy in excess of $75,000.00. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (the amount ins controversy is determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations of the notice of removal). The relief sought at the time of removal, therefore, was not silent or ambiguous but, rather, the pleadings at the time of removal satisfied the amount-in-controversy requirement.

Under long-standing Supreme Court precedent "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Thus, where as

---

[1]The parties do not contend that the diversity requirement is not satisfied. As set forth in the pleadings, Plaintiff is a citizen of Oklahoma, Defendant C.R. Bard, Inc. is a citizen of New Jersey and Defendant Davol, Inc. is a citizen of Rhode Island.

here, "the plaintiff after removal by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *Id.* at 292. *See also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir.1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing."); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir.2000) ("We conclude that post-removal stipulations do not create an exception to the rule articulated in *St. Paul*. Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction."); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant."); *Farms v. Great Am. Ins. Co.*, No. 10–2301, 2010 WL 4024599, at *2 (D. Kan. Oct. 13, 2010) (unpublished op.) ("After removal, plaintiffs cannot oust the court's subject matter jurisdiction by stipulation, affidavit or amending their pleadings to reduce the jurisdictional amount.").

Accordingly, under *St. Paul* and its progeny, this Court's diversity jurisdiction attached at the time of removal. The Court is not divested of jurisdiction by Plaintiff's attempt at a post-removal stipulation to reduce the amount in controversy below the jurisdictional requirement.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand and Brief in Support [Doc. No. 9] is DENIED.

IT IS SO ORDERED this 31st day of July, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE