# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOB L. WEIST, JR. | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-668-D ) |
| DAVOL, INC. and C.R. BARD, INC. | ) ) |
| Defendants. | ) |

## O R D E R

Plaintiff filed a petition in state court alleging claims for relief based on negligence and manufacturer's products liability. Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441. Defendants now seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Under the *Twombly* pleading standards, *see B ell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Defendants contend the complaint does not state a plausible claim for relief and should be dismissed in its entirety. Plaintiff responds that the sufficiency of the complaint must be determined under the Oklahoma Pleading Code because the action was commenced in state court.[1] Additionally, Plaintiff contends that the concerns identified in *Twombly* – particularly that a defendant should not be left to guess at the nature of the claims alleged – are not present here. Plaintiff contends medical records and other documents have been provided to Defendants that set forth sufficient detail about the nature of Plaintiff's claims and the alleged wrongful conduct of Defendants.

Upon removal of this action to federal court, the sufficiency of the allegations of the Complaint are governed by federal pleading standards, not, as Plaintiff contends, the Oklahoma

---

[1] Oklahoma has not adopted the *Twombly* pleading standard. *See Bryson v. Oklahoma County ex rel. Oklahoma County Detention Center*, 261 P.2d 627, 637 n. 8 (Okla. Civ. App. 2011).

Pleading Code. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court,"); *see also Grossman v. Mae*, No. CIV-10-329-L, 2010 WL 3895757 at *1 (W.D. Okla. Sept. 30, 2010) (unpublished op.) ("Initially, the court notes that defendants removed this case to federal court. Plaintiff's state court petition is properly denominated a complaint in federal court and is reviewed for sufficiency under federal law and the Federal Rules of Civil Procedure."); *Davenport v. Sugar Mountain Retreat, Inc.*, Case No. 09-CV-0535, 2009 WL 3415240 at *2 (N.D. Okla. Oct. 16, 2009) (unpublished op.) (rejecting plaintiff's argument that his amended complaint "was more than sufficient in the standards applicable in Oklahoma courts" because upon removal, the federal court must apply Rule 12(b)(6) as interpreted in *Twombly*).

Plaintiff's apparent misconception that Oklahoma pleading standards govern the sufficiency of the allegations of the complaint leads the Court to conclude that repleading is warranted. *See* Fed. R. Civ. P. 81(c)(2) (upon removal the Court may order repleading). Moreover, the Court notes that while Plaintiff is wrong to contend the production of records and other documents cures any potential pleading deficiencies in the complaint, it nonetheless appears this evidence may allow Plaintiff to cure any potential pleading deficiencies. Under these circumstances, justice requires granting Plaintiff leave to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

Accordingly, the Court finds Plaintiff should be granted leave to amend the complaint. Based on this determination, the Court makes no finding, at this time, as to the sufficiency of the allegations of Plaintiff's current complaint.

IT IS THEREFORE ORDERED that Plaintiff is granted 21 days to file an amended complaint should Plaintiff deem such an amendment necessary to comply with federal pleading

standards. If Plaintiff does not file an amended complaint within 21 days, the Court will rule on the pending motion to dismiss, testing the sufficiency of Plaintiff's allegations under the governing federal pleading standards as set forth in *Twombly*.

    IT IS SO ORDERED this 4th day of August, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE